UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Randy Breton, Sr., <br><br> *Plaintiff*, <br><br> v. <br><br> Randy Martin et al., <br><br> *Defendants*. | Civil No. 3:22-cv-00510-SVN <br><br><br> May 16, 2022 |

## RULING ON MOTION TO RECONSIDER

Plaintiff Randy Breton, Sr., incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, seeks leave to proceed *in forma pauperis*—that is, he wishes to commence a lawsuit without pre-paying the $402 filing fee.[1]  ECF Nos. 2, 9, 11.  On April 21, 2022, the Court denied Plaintiff's *in forma pauperis* motion and afforded him thirty days to submit the full fee.  ECF No. 13.  Rather than paying the filing fee, Plaintiff has filed a motion seeking reconsideration of the denial.  ECF No. 14.  For the following reasons, Plaintiff's motion for reconsideration is denied.

---

[1] On April 6, 2022, Plaintiff filed a motion for leave to proceed *in forma pauperis* along with his complaint.  ECF Nos. 1, 2.  On April 11, 2022, this Court issued a notice of insufficiency identifying the missing information from Plaintiff's motion for leave and directing Plaintiff to either pre-pay the $402 filing fee or submit a new, up-to-date affidavit and trust account statement.  ECF No. 8.  On April 18, Plaintiff filed a second motion for leave to proceed *in forma pauperis*, along with an updated prisoner trust account statement for the period October 13, 2021, through April 13, 2022.  ECF Nos. 9, 10.  On April 19, Plaintiff filed a third motion for leave to proceed *in forma pauperis*, along with an updated prisoner trust account statement for the period October 1, 2021, through April 19, 2022.  ECF Nos. 11, 12.

"The standard for granting [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019); *see also* D. Conn. L. Civ. R. 7(c)1.  "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up).

Without using these terms, Plaintiff cites two circumstances as "new evidence" or reasons "to correct a clear error or prevent manifest injustice."  First, Plaintiff states that he mailed his complaint—or, at least, tried to mail his complaint—to the Court in 2021, before he received his $1,400 economic stimulus payment.  ECF No. 14 ¶ A.  Plaintiff therefore suggests that his claim of indigency was true when it was made.  *See id.*  Second, Plaintiff states that he spent his stimulus money not on frivolities, but rather on medical needs and "hygiene [items], clothing and legal materials that the Department of Correction does not supply to inmates that have money in their account."  *Id.* ¶¶ D, H (spelling and capitalization corrected).

The Court does not credit the first claim, because regardless of whether Plaintiff made previous attempts to file an action in this Court, it is clear that he mailed his complaint in its current form *after* receiving his stimulus payment.  His 96-page complaint package includes a letter from Warden Martin to him dated March 22, 2022, over three months after he received his stimulus check.  ECF No. 1 at 56; *see also* Inmate Trust Acct. Stmt., ECF No. 12 (confirming receipt of stimulus payment on December 2, 2021).  The complaint package also includes an Inmate Request

2

Form bearing the Department of Correction's date stamp of March 16, 2022. ECF No. 1 at 57. If Plaintiff mailed his complaint before receiving the stimulus money, he would not have had those documents. Because the *in forma pauperis* review must cover the six months immediately preceding the filing of the complaint, *see* 28 U.S.C. § 1915(a)(2), and because Plaintiff could not have mailed his complaint before March 22, 2022, it was proper for the Court to consider his December 2, 2021, stimulus payment in evaluating his entitlement to *in forma pauperis* status.

The Court does not credit Plaintiff's second claim either, because it is clear that he did not spend his stimulus funds solely on necessities like hygiene and clothing. Plaintiff spent $750 of the $1,400—in other words, nearly double the $402 filing fee—on JPay Media, a service that provides music, video games, and other media for inmates' tablet computers. *See* Inmate Trust Acct. Stmt., ECF No. 12; *see also* Ruling on Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 13, at 2 n.2 (describing services provided by JPay Media). JPay Media's website confirms that it does not sell necessities like hygiene items or clothing to inmates. *See* JPay Media, Inmate Services, *available at* https://www.jpay.com/FriendsFamily.aspx (last visited May 13, 2022).

As the Court noted in its initial ruling, "[a]ll litigants must make decisions about how to spend their money when they are contemplating litigation." Ruling on Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 13, at 3 (quoting *Clark v. Pappoosha*, No. 3:21-cv-1690 (CSH), 2022 WL 960296, at *1 (D. Conn. Mar. 30, 2022)). The events of which Plaintiff complains began in July 2021, *see generally* Compl., ECF No. 1, yet he chose to spend $750 of his December 2, 2021, stimulus payment on items like music and video games. A consequence of that decision is that he is not entitled to *in forma pauperis* status. *See Clark*, 2022 WL 960296, at *1–2.

Because Plaintiff has not come forward with any credible "new evidence" or claim of "clear

3

error" or "manifest injustice," the Court declines to reconsider its earlier order. Plaintiff's motion for reconsideration is denied accordingly, and he is again directed to pay the full filing fee by **May 23, 2022**. If Plaintiff does not do so, his case will be dismissed without prejudice to refiling once he is able to pay the fee.

**SO ORDERED** at Hartford, Connecticut, this 16th day of May, 2022.

                                                         /s/ Sarala V. Nagala
                                                        SARALA V. NAGALA
                                                        UNITED STATES DISTRICT JUDGE